UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONDO VALDEZ,

        Petitioner,

        v.

KELLY ARLO,

        Respondent.

Case No.  C07-5353FDB

ORDER TO SHOW CAUSE

       This 28 U.S.C. § 2254 petition for habeas corpus relief has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Review of the petition shows petitioner to be challenging a 1995 sentence that appears to have expired.  Further, the claims raised appear to be unexhausted and procedurally barred.

       Petitioner was sentenced to life as a career criminal in 2002 (Dkt. # 1, page 7).  Petitioner states he has qualifying convictions in "94, 97, and 02" (Dkt. # 1, page 7). He is not challenging his 2002 conviction or sentence directly.  Instead, petition appears to be challenging the first conviction that was used to qualify him for his life sentence.

       On page 1 of the petition petitioner states he received a one year sentence in 1995 (Dkt. # 1, page 1). The court concludes the 1995 one year sentence that petitioner is trying to challenge in this petition stems from

ORDER
Page - 1

his 1994 "qualifying conviction" and is the first of his prior convictions that qualified him for a life sentence when he received his third conviction in 2002 (Dkt. # 1, page 7).

  A. <u>Expired sentence</u>.

  Petitioner challenges a 1995 one year sentence. He should have served this sentence by 1996 and does not appear to currently be in custody based on this sentence. <u>See</u>, petition, page 7. Under 28 U.S.C. § 2254, the district court may entertain an application for a writ of habeas corpus only from a person <u>in custody</u> pursuant to the judgment of a state court. The person must be **in custody pursuant to the conviction or sentence under attack at the time the petition is filed**. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989); <u>Carafas v. LaVallee</u>, 391 U.S. 234, 238 (1968)(emphasis added). The custody requirement of the habeas corpus statute is designed to preserve the writ as a remedy for severe restraints on individual liberty. <u>Hensley v. Municipal Court, San Jose Milpitas Judicial District</u>, 411 U.S. 345, 351 (1973). Here, it does not appear the petitioner is in custody because of his 1995 one year sentence. This sentence should have been served by 1996.

  B. <u>Unexhausted and procedurally barred</u>.

  Additionally, Petitioner states he did not file any appeal or state challenge to the 1995 one year sentence that he now attempts to challenge (Dkt. # 1, pages 1 through 3). Federal Habeas Corpus contains an exhaustion requirement. In order to satisfy the exhaustion requirement, petitioner's claims must have been fairly presented to the state's highest court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985). A federal habeas petitioner must provide the state courts with a fair opportunity to correct alleged violations of prisoners' federal rights. <u>Duncan v. Henry</u>, 513 U.S.364, 115 S.Ct. 887, 888 (1995). It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state law claim was made. <u>Id</u>, *citing* <u>Picard v. Connor</u>, 404 U.S. 270 (1971) and <u>Anderson v. Harless</u>, 459 U.S. 4 (1982). Petitioner states he filed no direct appeal and filed no Personal Restraint Petition regarding his 1995 conviction (Dkt. # 1). As petitioner is no longer incarcerated on this sentence, he cannot now bring a habeas action to challenge the sentence. Further, the time frame for filing a challenge has long past.

  The petitioner is hereby **ORDERED TO SHOW CAUSE** why this petition should not be dismissed. Petitioner is not incarcerated for the sentence he is challenging and the petitioner did not file any state challenge

to the 1995 one year sentence. A response is due on or before **September 12, 2007,** or the court will enter a Report and Recommendation that this action be dismissed.

The Clerk is directed to mail a copy of this Order to petitioner and note the **September 12, 2007,** due date on the court's calendar.

DATED this 13 day of August, 2007.

*/S/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge