UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MONDO VALDEZ,

    Petitioner,

v.

KELLY ARLO,

    Respondent.

Case No. C07-5353FDB

REPORT AND RECOMMENDATION

**NOTED FOR:
October 19, 2007**

This habeas corpus action, filed pursuant to 28 U. S.C. 2254, has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636 (b)(1)(B) and Local Magistrates' Rules MJR 3 and MJR 4.

## FACTS

Petitioner was granted *in forma pauperis* status and the petition was filed (Dkt # 6). On screening the petition the court noted petitioner was challenging a former conviction which has been served. Petitioner has convictions in 1994, 1997, and 2002. This petition only raises facts relating legality of the 1994 conviction (Dkt. # 6). Petitioner's 2002 conviction resulted in a sentence for life without the possibility of parole as a third strike conviction (Dkt. # 6).

The court entered an order to show cause as it appeared petitioner was trying to challenge an

REPORT AND RECOMMENDATION
Page - 1

expired conviction and sentence (Dkt. # 7). Petitioner has responded and makes clear he is attempting to challenge the 1994 conviction as well as the 1997 conviction and the 2002 conviction (Dkt # 8). There are no facts in the petition to support any challenge to any conviction other than the 1994 conviction and sentence (Dkt # 6).

The court now recommends this petition be dismissed without prejudice. If petitioner wishes to challenge his current conviction and sentence he may do so by filing a separate petition raising exhausted claims that are not barred by the federal one year statute of limitations found in 28 U.S.C. § 2244(d). 28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner may be able to challenge the legality of his prior convictions, but he must do so in the context of his current conviction and sentence. <u>Brock v. Weston</u>, 31 F.3d 887 (9th Cir. 1994).

## EVIDENTIARY HEARING

If a habeas applicant has failed to develop the factual basis for a claim in state court, an evidentiary hearing may not be held unless (A) the claim relies on (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or there is (2) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. §2254(e)(2) (1996).

Petitioner's claims rely on established rules of constitutional law.  Further, petitioner has not set forth any factual basis for his claims that could not have been previously discovered by due diligence. Finally, the facts underlying petitioner's claims are insufficient to establish that no rational fact finder would have found him guilty of the crime. Therefore, petitioner is not entitled to an evidentiary hearing.

## STANDARD

Federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.  Engle v. Isaac, 456 U.S. 107 (1983).  Section 2254 is explicit in that a federal court may entertain an application for writ of habeas corpus "only on the ground that [the petitioner] is in custody in violation of the constitution or law or treaties of the United States." 28 U.S.C. § 2254(a)(1995).  The Supreme Court has stated many times that federal habeas corpus relief does not lie for errors of state law.  Lewis v. Jeffers, 497 U.S. 764 (1990); Pulley v. Harris, 465 U.S. 37, 41 (1984); Estelle v. McGuire, 502 U.S. 62 (1991).

Further, a habeas corpus petition shall not be granted with respect to any claim adjudicated on the merits in the state courts unless the adjudication either  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. §2254(d).  A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §2254(e)(1).

## DISCUSSION

The in custody requirement.

In Brock v. Weston, 31 F.3d 887 (9th Cir. 1994), the Ninth Circuit reviewed a challenge to an expired conviction that was used to enhance on a pending sentence.  The court determined that the petition should be liberally construed as an attack on the prior conviction in the context of the attack on that petitioner's current sentence.  Id. at 890.  The court reasoned that requiring an inmate to re-file an identical petition challenging the current sentence would only serve to burden the court

REPORT AND RECOMMENDATION
Page - 3

and the parties' time and resources.  Id.

It would not be appropriate for the Court to convert this petition to a challenge of petitioner's current confinement.  Petitioner does not raise claims and facts to support a challenge on the current conviction (Dkt. # 6).

To convert this petition might well prejudice petitioner in any future challenge to his confinement under RCW 71.09.  Since Brock was decided in 1994, a petitioner's ability to file a second or successive petition has been severely restricted,  See 28 U.S.C. § 2244(b)(3)(A).  Accordingly, the Court should not reach the merits of this petition which only challenges a 1994 conviction.  Petitioner should not be prohibited from raising a challenge to his 2002 conviction if such a challenge is not otherwise barred.

One Year Statute of Limitations.

It is difficult for the court to apply the reasoning of Brock v. Weston, 31 F.3d 887 (9th Cir. 1994) to this action.  In 1996, two years after Brock, large portions of the statutes addressing habeas corpus were revised.  There is now a one year statute of limitations imposed under the 1996 amendments to 28 U.S.C. § 2244(d), which were signed into law April 24, 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA).   28 U.S.C. § 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It does not appear that petitioner's 1994 conviction was challenged during the one year he served.  The conviction became final on sentencing, February 4, 1995 (Dkt. # 6).  The one year statue of limitations for filing a federal habeas petition may now have run.  However, petitioner has

REPORT AND RECOMMENDATION
Page - 4

not briefed that issue and the facts in the petition are sparse. The court recommends this petition be dismissed without prejudice. This allows petitioner the opportunity to challenge any conviction that is not subject to a statute of limitations and exhaustion bar.

## CONCLUSION

This petition challenges a prior conviction. While there is authority allowing such a challenge in the context of a challenge to a current sentence, it is not clear if petitioner can bring such a claim or if he is time barred. Accordingly, the court recommends this petition be **DISMISSED WITHOUT PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **August 17, 2007**, as noted in the caption.

Dated this 10 day of September, 2007.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 5